IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

SEPTEMBER 1997 SESSION



**FILED**

**September 19, 1997**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

STATE OF TENNESSEE,          )
                             )   No. 02-C-01-9611-CC-00434
      APPELLEE,          )
                             )   Obion County
v.                           )
                             )   William B. Acree, Jr., Judge
CHARLIE MARSHALL FLOYD,      )
                             )   (Sentencing)
      APPELLANT.         )


FOR THE APPELLANT:                FOR THE APPELLEE:

Joseph P. Atnip                   John Knox Walkup
District Public Defender          Attorney General & Reporter
111 Main Street                   500 Charlotte Avenue
Dresden, TN  38225                Nashville, TN  37243-0497

                                  Georgia Blythe Felner
                                  Assistant Attorney General
                                  450 James Robertson Parkway
                                  Nashville, TN  38261

                                  Thomas A. Thomas
                                  District Attorney General
                                  P. O. Box 218
                                  Union City, TN  38261


OPINION FILED: _____


AFFIRMED


Joe B. Jones, Presiding Judge

# O P I N I O N

The appellant, Charlie Marshall Floyd (defendant), was convicted of selling cocaine, a Class B felony, by a jury of his peers. The trial court found that the defendant was a multiple offender and imposed a Range II sentence consisting of confinement for fifteen (15) years in the Department of Correction. In this Court, the defendant contends the sentence imposed by the trial court was excessive because the court failed to apply mitigating factor (1), Tenn. Code Ann. § 40-35-113(1), namely, his criminal conduct neither caused nor threatened serious bodily injury, when determining the length of the sentence within the appropriate range. After a thorough review of the record, the briefs submitted by the parties, and the law governing the issue presented for review, it is the opinion of this Court that the judgment of the trial court should be affirmed.

This Court has conducted a de novo review of the record as required by Tenn. Code Ann. § 40-35-401(d). This Court has previously held that mitigating factor one (1) is not applicable where the defendant is convicted of selling cocaine. State v. Keel, 882 S.W.2d 410, 422 (Tenn. Crim. App.), per. app. denied (Tenn. 1994); State v. Larry D. Jones, Davidson County No. 01-C-01-9112-CR-00368, 1992 WL 146719 (Tenn. Crim. App., Nashville, June 30, 1992), per. app. denied (Tenn. October 26, 1992); State v. Charles Fulkerson, Knox County No. 03-C-01-1101-CR-00032, 1992 WL 6881 (Tenn. Crim. App., Knoxville, January 21, 1992). However, assuming arguendo that this factor is applicable, the weight which would be given to this factor would be negligible. It would not be sufficient to cause the sentence to be reduced given the fact the defendant has sixteen prior convictions, eight misdemeanor convictions, and eight felony convictions. Some of the felony convictions are drug-related offenses. Furthermore, the offense was committed while the defendant was on probation for prior convictions, and a prior community corrections sentence had been revoked due to subsequent convictions.

The trial court found the defendant was a professional criminal and his employment record was sketchy. The trial court reached this conclusion based upon the defendant's sixteen convictions. In addition, the defendant had a drug-related offense pending in Obion County when the sentencing hearing was conducted.

2

The trial court did not abuse its discretion by refusing to consider mitigating factor (1). The court simply followed existing law.

_____

JOE B. JONES, PRESIDING JUDGE

CONCUR:


_____

DAVID H. WELLES, JUDGE


_____

JOE G. RILEY, JUDGE